IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEWEL LESLIE COLEMAN,<br>TDCJ #472225, | §<br>§<br>§ | |
| Petitioner, | §<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. H-11-1930 |
| RICK THALER, Director,<br>Texas Department of Criminal Justice -<br>Correctional Institutions Division, | §<br>§<br>§<br>§ | |
| Respondent. | §<br>§ | |

## MEMORANDUM AND ORDER

The petitioner, Jewel Leslie Coleman, also known as Jewell Lesslie Coleman (TDCJ #472225, former TDCJ #314209), is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ").  Coleman has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a 1971 state court conviction.  Coleman has also filed a memorandum in support of his claims. After reviewing all of the pleadings as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

## I.      BACKGROUND

Coleman discloses that he was convicted of aggravated robbery in 1987, in cause number 457296.  A jury in the 208th District Court of Harris County, Texas, sentenced

Coleman to life imprisonment in that case.  The conviction was affirmed on direct appeal. *See Coleman v. State*, 760 S.W.2d 356 (Tex. App. — Houston [1st Dist.] 1988, pet. ref'd).

Coleman, who remains incarcerated in TDCJ, has now filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Coleman does not challenge the validity of his 1987 aggravated robbery conviction in cause number 457296.  Instead, Coleman seeks relief from a conviction entered against him on July 13, 1971, in the 180th District Court of Harris County, Texas, in cause number 154213.  Coleman was convicted of rape charges in that case pursuant to his guilty plea.  As a result, the 180th District Court sentenced Coleman to serve 15 years' imprisonment.

In his pending habeas corpus petition, which is dated May 17, 2011, Coleman claims that his rape conviction in cause number 154213 is invalid because he was only 16 years of age at the time the offense.  Coleman argues that he was denied due process in connection with this conviction because he was not accorded an examining trial or transfer proceedings in a "juvenile court."  Because he was not charged appropriately in juvenile court, Coleman argues that the 180th District Court lacked jurisdiction to accept his guilty plea and sentence him.  Coleman concedes that the 15-year sentence has been discharged, but he notes that the life sentence that he received in cause number 457296 was enhanced with his prior felony 1971 conviction in cause number 154213.  Coleman reasons, therefore, that he is still in custody pursuant to his 1971 conviction, which he maintains is "void."  The Court concludes that Coleman's petition must be dismissed for reasons that follow.

## II.     DISCUSSION

As a threshold matter, Coleman cannot demonstrate that this Court has jurisdiction or that federal habeas corpus review is available for the 1971 conviction that he received in cause number 154213.  Federal habeas corpus statutes give the United States district courts jurisdiction to entertain petitions for habeas corpus relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3) (emphasis added).  Assuming that all of the allegations outlined in the pleadings are true, Coleman does not meet that criteria for reasons explained briefly below.

The United States Supreme Court has held that a petitioner is not "in custody" for purposes of the federal habeas corpus statutes once his sentence has fully expired.  *Maleng v. Cook*, 490 U.S. 488, 492 (1989).  As noted above, Coleman attempts to challenge a conviction and sentence of 15 years' imprisonment that was entered against him on July 13, 1971.  Because the sentence that Coleman seeks to challenge was discharged long ago, this Court lacks subject matter jurisdiction to determine the legality of that conviction.[1]  *See id.* at 492-93.

Coleman insists that he is in custody by virtue of the life sentence that he received in 1987, for aggravated robbery in cause number 457296, because his punishment in that case was enhanced with his 1971 conviction in cause number 154213.  However, Coleman may

---

[1]    Coleman concedes in his supporting memorandum that, when he attempted to present his claims for consideration on state habeas corpus review, the Texas Court of Criminal Appeals summarily dismissed his application on March 30, 2011, finding that the sentence had been "discharged." [Doc. # 2, Memorandum, at 5].  State court records confirm that Coleman's most recent state habeas corpus application concerning the conviction in cause number 154213 was dismissed because the sentence was discharged.  *See Ex parte Coleman*, No. 6,961-08 (Tex. Crim. App. March 30, 2011).

not use the pending habeas corpus petition to challenge his 1987 sentence, or the enhancement thereof, because court records confirm that he has already filed more than one unsuccessful habeas petition to challenge that same conviction. *See Coleman v. Lynaugh*, Civil No. H-90-1064 (S.D. Tex.) (dismissing with prejudice); *Coleman v. Collins*, Civil No. H-93-1064 (S.D. Tex.) (dismissing with prejudice as an abuse of the writ). Because Coleman could have challenged the enhancement of his 1987 sentence previously, his request for additional review is precluded by 28 U.S.C. § 2244(b), which bars unauthorized, successive petition for federal habeas corpus review.

Coleman does not otherwise allege facts showing that his 1971 conviction is open to attack at this late date.[2] In that regard, the petition is patently untimely under the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), codified at 28 U.S.C. § 2244(d)(1)(A). Because the challenged conviction became final in 1971, long before the AEDPA went into effect on April 24, 1996, Coleman had a one-year grace period to file his

---

[2]    The Supreme Court has recognized that, where a state conviction is no longer open to direct or collateral attack, a prior conviction is "conclusively valid" for purposes of enhancing an offender's punishment and a defendant "generally may not challenge the enhanced sentence through a petition under [28 U.S.C.] § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) (internal quotation omitted); *see also Daniels v. United States*, 523 U.S. 374, 381-82 (2001) (explaining that "if, by the time of sentencing . . . a prior conviction has not been set aside on direct or collateral review, that conviction is presumptively valid and may be used to enhance the federal sentence"). Thus, to the extent that the challenged 1971 conviction was used to enhance the punishment that he received in 1987, Coleman fails to state a cognizable claim over which this Court has jurisdiction. *See Coss,* 532 U.S. at 403-04; *Godfrey v. Dretke*, 396 F.3d 681 (5th Cir. 2005).

claims for relief in federal court.  *See United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998) (discussing a habeas corpus application filed under 28 U.S.C. § 2255).  In other words, Coleman had until April 24, 1997, to seek federal habeas review.  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (citation omitted). Coleman's pending petition, which is dated May 17, 2011, is late by more than thirteen years and he does not allege facts showing that a statutory or equitable exception applies to toll the limitations period.  Accordingly, the petition is subject to dismissal for this additional reason.

## III.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, a certificate of appealability is required before an appeal may proceed.  *See* 28 U.S.C. § 2253; *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has stated a valid claim.  Accordingly, to the extent that one is needed, a certificate of appealability will not issue in this case.

IV.    **CONCLUSION**

Based on the foregoing, he Court **ORDERS** as follows:

1.      The motion for leave to proceed *in forma pauperis* [Doc. # 2] is **GRANTED**.

2.      This federal habeas corpus proceeding is **DISMISSED** for lack of jurisdiction. Alternatively, the petition is **DISMISSED** with prejudice as barred by the governing one-year statute of limitations.

3.      A certificate of appealability is **DENIED**.

The Clerk shall send a copy of this order to the petitioner.

SIGNED at Houston, Texas, on May 25,  2011.


_____
Nancy F. Atlas
United States District Judge